Manly, J.
 

 "We are'entirely-satisSed from-amonsideration of the pleadings and the'p’roofs ’in this cause, 'that the omission and error alleged in the deed of .14th of August, 185.7, are faults of the draftsman. Indeed, this is so manifest, upon inspection, that proof can hardly male it -plainer. The only question is, that raised in the answer ■; whether the equity of the complainant is superior to that of the -other creditors in eqiral degree,-of Joseph Fry, he being now dead and his-estate insolvent. And this, we think, is free from doubt.
 

 The general creditors of the deceased have obtained no specific lien upon the lot of land in the mortgage deed, and it is not, therefore, a contest between creditors as to priority of lien. It will be found by a reference to the cases, in which it-has been held that equity will not interfere as between ■ creditors to deprive one of a legal advantage, that they are all cases in which the contesting creditors had obtained
 
 speeijie liens.
 
 The principle does not apply to a case, like that now before ns, where the contest is between a creditor who has in equity and conscience, a right to a satisfaction of his debt out of a specific thing, and general creditors, who have no such right.
 

 The case of
 
 Smith
 
 v. Torrentine, 2 Jones’ Eq. 253, was a •contest between creditors under separate deeds of conveyance.; the first being inoperative from an alleged mistake in the draftsman, the Court decided it would not interfere t© deprive the latter of his legal advantage. With the principle established in that case, we now entirely concur; but it
 
 *417
 
 differs from the oue before ns, in this : the creditors who are disputing the plaintiff’s lien, in our case, have none of their own, and are only general creditors of the deceased debtor.
 

 We are of opinion that the plaintiff is-entitled to the relief which he asks — to a correction of his deed and to foreclosure.
 

 PeR Curiam, Decree accordingly.